UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GORDON H. SHUTT, an individual,

    Plaintiff,

vs.

Case No.:

FORMER SHERIFF MIKE WILLIAMS, and/or
SHERIFF T.K. WATERS, in their
official capacities as Sheriffs of the
JACKSONVILLE SHERIFF'S OFFICE and the
CONSOLIDATED CITY OF JACKSONVILLE,
FLORIDA, and Does 1-10,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, GORDON H. SHUTT, hereby brings this Complaint for violation of civil rights pursuant to 42 USC Section 1983 against the named Defendants, who are employees of the Consolidated City of Jacksonville (hereinafter referred to as "Defendant, COJ"), a public entity, and DOE Defendants 1 through 10, inclusive, who are also believed to be employees or agents of Defendant, COJ, and alleges as follows:

## JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and the Civil Rights Act pursuant to 42 U.S.C § 1983 and the Eighth Amendment to the United

States Constitution, wherein Plaintiff seeks to redress deprivations by the named Defendants, and the Unknown Named Defendants 1 through 10. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

2. At all times mentioned herein, all defendants were acting under color of state law, or rights secured to plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United States. This court has supplemental jurisdiction over those claims asserted under state law by virtue of 28 U.S.C. Section 1367.

3. Venue is founded in this judicial district upon 28 U.S.C § 1391 as the acts complained of arose in this district.

4. Plaintiff has performed all conditions precedent prior to bringing this action as to each Defendant, including but not limited the conditions set for in Section 768.28(6), Fla. Stat. (attached hereto as **Exhibit "1"**) and the conditions set forth in Section 119.12(b), Fla. Stat (attached hereto as **Exhibit "2"**).

## **THE PARTIES**

5. At all times material hereto, Plaintiff, GORDON H. SHUTT, was a natural person and resident of Jacksonville, Duval County, Florida.

6. At all times material hereto, Plaintiff, GORDON H. SHUTT, was an inmate at the John E. Goode Pre-trial Detention Facility located at 500 E. Adams Street in Jacksonville, Duval County, Florida.

7. At all times material hereto, Defendant, FORMER SHERIFF MIKE WILLIAMS, and/or INTERRIM SHERIFF PAT IVEY, in their official capacities as Sheriffs of the JACKSONVILLE SHERIFF'S OFFICE, were responsible for the hiring, training and retention of officers and others employed by the JACKSONVILLE SHERIFF'S OFFICE; for the creation, promulgation and maintenance of standards, policies and procedures with regard to interactions between said officers and other employees with the public, including inmates, and for the creation, maintenance and disclosure of public records pursuant to the relevant Florida Statutes.

8. Defendant, COJ, is a governmental entity and division of the government of the State of Florida with its principal place of business at 501 East Bay Street, Jacksonville, Florida 32254.

9. DOE Defendants 1 to 10 are employees and/or agents of Defendant, COJ, and were working at all times material hereto at the John E. Goode Pre-trial Detention Facility located at 500 E. Adams Street in Jacksonville, Duval County, Florida. The Complaint will be amended to identify them by name when their identities are discovered.

## STATEMENT OF FACTS

10. On or about April 16, 2019, Plaintiff, GORDON H. SHUTT, was detained by Jacksonville Sheriff's Office, was arrested for a suspended driver's license, and was taken into custody as an inmate at the John E. Goode Pre-trial Detention Facility located at 500 E. Adams Street in Jacksonville, Duval County, Florida.

11. While Plaintiff, GORDON H. SHUTT, was awaiting release on his own recognizance at the John E. Goode Pre-trial Detention Facility, he was severely beaten and injured by one or more unknown assailants who were also detained therein.

12. Defendants failed to timely or adequately provide Plaintiff, GORDON H. SHUTT, with medical attention and/or treatment following the beating, up to and at the point where he was brought before a judge.

13. The physical injuries and damages suffered by Plaintiff, GORDON H. SHUTT, include, but are not limited to:

    a. Significantly displaced right mandibular subcondylar fracture;

    b. Mandibular symphysis fracture;

    c. Left parasymphysis facture of the mandible;

    d. Blunt maxillofacial trauma;

    e. Compromised septum;

    f. Multiple broken teeth; and

    g. Concussion.

## COUNT I:
## VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983]
## EIGHTH AMENDMENT
## (GORDON H. SHUTT v. ALL NAMED DEFENDANTS)

14. Plaintiff, GORDON H. SHUTT, was incarcerated under conditions posing a substantial risk of serious harm and/or the minimal civilized measure of life's necessities.

15. Defendants' failure to protect Plaintiff, GORDON H. SHUTT, from harm, to minimize the risk of harm, or to come to his aid while he was being harmed in a general holding cell show Defendants' deliberate indifference to the substantial risk of serious harm that was posed to him.

16. Defendants' failure to investigate the incident, up to and including deliberately deleting or allowing the deletion of the video evidence that would have depicted the beating inflicted upon Plaintiff, GORDON H. SHUTT, is further evidence of Defendants' deliberate indifference to the substantial risk of serious harm that was posed to him.

17. Defendants were, or reasonably should have been, aware of the beating suffered by Plaintiff, GORDON H. SHUTT, at the hands of unknown inmates at the John E. Goode Pre-trial Detention Facility on or about April 16, 2019.

18. Despite that knowledge, Defendants, failed to protect Plaintiff, GORDON H. SHUTT, from harm, to minimize the risk of harm, or to come to his aid while he was being harmed in a general holding cell.

19. Defendants either maintained a policy not to protect Plaintiff, GORDON H. SHUTT, from harm, to minimize the risk of harm, or to come to his aid while he was being harmed in a general holding cell, or failed to follow any such policy that was in place and effect.

20. Based on the lack of any such policy, or the failure to follow any such policy, Plaintiff, GORDON H. SHUTT, was irreparably harmed, as their failure to lead to protect Plaintiff, GORDON H. SHUTT, from harm, to minimize the risk of

harm, or to come to his aid while he was being harmed in a general holding cell, to further injury and pain and suffering.

21. Defendants were, at all relevant times, employed by the Defendant, COJ, and acted under color of law to deprive Plaintiff, GORDON H. SHUTT, of his constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

22. As alleged herein and above, Defendants' failure to protect Plaintiff, GORDON H. SHUTT, from harm, to minimize the risk of harm, or to come to his aid while he was being harmed in a general holding cell at the John E. Goode Pre-trial Detention Facility on or about April 16, 2019 constitutes a violation of Plaintiff's Eighth Amendment rights because Defendants denied and delayed treatment with deliberate indifference to Plaintiff's health and safety.

23. DOE Defendants 1 to 10, at all times relevant to this case, acted in their individual capacity and under the color of state law, with deliberate indifference to Plaintiff's safety and medical needs by failing to protect him from harm, to minimize the risk of harm, or to come to his aid while he was being harmed in a general holding

cell, and Defendants knew that denying and delaying such aid was an excessive risk to Plaintiffs health.

24. There is a substantial risk that Plaintiff did suffer and will suffer in the future from unnecessary and wanton infliction of pain and suffering as a result of complications associated with Defendants' failure to protect him from harm, to minimize the risk of harm, or to come to his aid while he was being harmed in a general holding cell,

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an amount to be determined at trial;
2. For attorneys' fees pursuant to 42 U.S.C. § 1988;
3. For costs of suit herein;
4. For such other and further relief as the Court may deem proper.

### COUNT II:
### VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983]
### EIGHTH AMENDMENT
### (GORDON H. SHUTT v. ALL NAMED DEFENDANTS)

Plaintiff re-alleges Paragraphs 1 through 13 as if set forth fully herein and further alleges:

25.  Defendants were, or reasonably should have been, aware of the beating suffered by Plaintiff, GORDON H. SHUTT, at the hands of unknown inmates at the John E. Goode Pre-trial Detention Facility on or about April 16, 2019.

26.  Despite that knowledge, Defendants, failed to timely or adequately provide medical attention and/or treatment to Plaintiff, GORDON H. SHUTT.

27.  Defendants either maintained a policy not to adequately and/or timely provide medical attention or treatment to inmates or failed to follow any such policy that was in place and effect.

28.  Based on this policy, or the failure to follow any such policy, Plaintiff, GORDON H. SHUTT, was irreparably harmed, as their failure to provide timely and adequate medical attention and treatment leads to further injury and pain and suffering. To the extent that such policies existed, Defendant's policies to delay and to deny care have been intentionally promulgated and executed for financial reasons in complete disregard for the medical needs of Plaintiff, GORDON H. SHUTT.

29.  Defendants were, at all relevant times, employed by the Defendant, COJ, and acted under color of law to deprive Plaintiff, GORDON H. SHUTT, of his constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth Amendment to the United

States Constitution, made applicable to the states through the Fourteenth Amendment.

30. As alleged herein and above, Defendants' failure to timely and adequately treat Plaintiff, GORDON H. SHUTT, at the John E. Goode Pre-trial Detention Facility on or about April 16, 2019 for his injuries at the hands of unknown inmates constitutes a violation of Plaintiff's Eighth Amendment rights because Defendants denied and delayed treatment with deliberate indifference to Plaintiff's serious medical needs.

31. At all times relevant Defendants acted under color of law to delay and deny Plaintiff, GORDON H. SHUTT, timely, adequate and proper medical care based, if nothing more, than on the visible severity of injuries that Defendants knew or should have known existed. As a result, Defendants knew or should have known that denying and delaying a treatment was an excessive risk to Plaintiff's health. Defendants consciously disregarded this risk in violation of Plaintiff's Eighth Amendment rights. Defendants' failure to provide timely, adequate and proper medical care was not based on legitimate differences in medical opinion but on deliberate indifference and conscious disregard for Plaintiff's serious medical needs.

32. DOE Defendants 1 to 10, at all times relevant to this case, acted in their individual capacity and under the color of state law, with deliberate indifference to Plaintiff's serious medical needs by failing to treat Plaintiff for his injuries and Defendants knew that denying and delaying treatment was an excessive risk to Plaintiffs health.

33. There is a substantial risk that Plaintiff did suffer and will suffer in the future from unnecessary and wanton infliction of pain and suffering as a result of complications associated with Defendants' failure to provide timely, adequate and proper medical care.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

5. For general damages in an amount to be determined at trial;

6. For attorneys' fees pursuant to 42 U.S.C. § 1988;

7. For costs of suit herein;

8. For such other and further relief as the Court may deem proper.

### COUNT III:
### NEGLIGENCE OF OFFICERS WITHIN THEIR COURSE AND SCOPE OF EMPLOYMENT
### (GORDON H. SHUTT v. CITY OF JACKSONVILLE)

Plaintiff re-alleges Paragraphs 1 through 13 as if set forth fully herein and further alleges:

34. Plaintiff, GORDON H. SHUTT, had been detained and was in the custody of Defendant, COJ, when he was physically attacked, beaten, and severely and permanently injured by one or more assailants who were inmates at the John E. Goode Pre-trial Detention Facility.

35. One or more officers employed by and who were acting within the course and scope of their employment with Defendant, COJ, were physically present when Plaintiff, GORDON H. SHUTT, was physically attacked, beaten, and severely and permanently injured by one or more assailants who were inmates at the John E. Goode Pre-trial Detention Facility.

36. Alternatively, one or more officers employed by and who were acting within the course and scope of their employment with Defendant, COJ, were actively supervising the area at the time when Plaintiff, GORDON H. SHUTT, was physically attacked, beaten, and severely and permanently injured by one or more assailants who were inmates at the John E. Goode Pre-trial Detention Facility.

37. Alternatively, one or more officers employed by and who were acting within the course and scope of their employment with Defendant, COJ, were

responsible for being physically present and/or actively supervising the area at the time when Plaintiff, GORDON H. SHUTT, was physically attacked, beaten, and severely and permanently injured by one or more assailants who were inmates at the John E. Goode Pre-trial Detention Facility, but said officers failed to meet that responsibility and/or duty.

38. Despite seeing actions between Plaintiff, GORDON H. SHUTT and his assailant(s) that the officer or officers knew were inappropriate and/or dangerous, the officer or officers did not act or seek to separate Plaintiff from the assailant(s).

39. Despite seeing actions between Plaintiff, GORDON H. SHUTT and his assailant(s) that the officer or officers knew were inappropriate and/or dangerous, the officer or officers did not act or report the conduct of the assailant(s) or otherwise prevent the assailant(s) from continuing physically beating Plaintiff.

40. The officer or officers who saw Plaintiff, GORDON H. SHUTT, being physically beaten by the assailants owed a duty to Plaintiff, to separate Plaintiff from the assailant(s), prevent Plaintiff from being beaten further, and to act as a reasonable law enforcement officer under the same or similar circumstances.

41. Officers have a duty to protect individuals who are detained from other detained individuals. Therefore, an officer who witnesses an inmate, including

Plaintiff, GORDON H. SHUTT, being beaten by an assailant who is another inmate, or who is charged with supervising inmates and fails to do so, may be liable to an injured party for failing to separate the individuals or otherwise intervene.

42.     As a direct and proximate result of the negligent conduct, actions and/or omissions of the officer or officers who witnesses Plaintiff, GORDON H. SHUTT's, physical beating by inmate-assailant(s), or who were charged with supervising the area but failed to do so, Defendant, COJ, is liable.  Plaintiff, GORDON H. SHUTT, suffered bodily harm and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of household services, loss of income, loss of earning capacity and/or exacerbation of a prior injury. Those losses are either permanent or continuing and Plaintiff will suffer said losses in the future.  In addition, Plaintiff, GORDON H. SHUTT, incurred and continues to incur obligations to pay for varied services, including medical and emergency care, rehabilitative care, pain management care, surgical care and medications, and he suffered other related compensable damages.  Plaintiff, GORDON H. SHUTT, has suffered permanent injuries within a reasonable degree of medical probability, and will continue to suffer the referenced losses in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GORDON H. SHUTT, demands judgment for damages, including compensatory damages, all costs, and interest provided under applicable law against the Defendant, COJ, and any other such relief this Honorable Court deems reasonable and just.

### COUNT IV:
### VIOLATION OF SECTION 119, FLA. STAT.
### (GORDON H. SHUTT v. CITY OF JACKSONVILLE)

Plaintiff re-allege Paragraphs 1 through 13 as if set forth fully herein and further alleges:

43. At the time of filing Plaintiff has complied with Section 119.12(b), Fla. Stat. (*See* **Exhibit "B,"** attached hereto).

44. Plaintiffs' public records requests (plural) to Defendant, COJ, as referenced herein was not made for any improper purpose, or to cause a violation of this Section, or for any frivolous purpose.

45. Plaintiffs' public records request to Defendant, COJ, as referenced herein was the only legitimate means by which to investigate the incident that led to the unprovoked attack on GORDON H. SHUTT that lead to severe and permanent injuries, and eventually to put Defendant, COJ, on notice of the entirety of his claims

herein such that Defendant, COJ, could have a meaningful opportunity to fully investigate those claims.

46. On April 25, 2019, the undersigned made an online request for the preservation and disclosure of the name of the assailant(s), a copy of the video(s) that captured the incident, and any investigatory materials. We received no response to that request.

47. On May 13, 2019, the undersigned submitted, via U.S. Certified Mail to Defendant, COJ, separately to the City of Jacksonville and to the Jacksonville Sheriff's Office, another request for the preservation and disclosure of the name of the assailant(s), a copy of the video(s) that captured the incident, and any investigatory materials. We received no response to that request.

48. On May 14, 2019, the undersigned submitted, via U.S. Certified Mail to Defendant, COJ, separately to the City of Jacksonville and to the Jacksonville Sheriff's Office, another request for the preservation and disclosure of the name of the assailant(s), a copy of the video(s) that captured the incident, and any investigatory materials. We received no response to that request.

49. On or about May 24, 2019, Gary Williams, a purported representative of the Jacksonville Sheriff's Office, contacted the undersigned and stated that while

the records preservation and disclosure requests had been received, the video had been "destroyed," that it was the policy of the Jacksonville Sheriff's Office to preserve evidence "in the order in which it can be processed," that such video was only saved for "30 days," and that said evidence had already been destroyed because the requests were not processed within 30 days of the incident.

50. As a result of its public records preservation and disclosure requests that were not timely responded to, Defendant, COJ, violated Section 119.12, Fla. Stat.

51. Additionally, and/or alternatively, as a result of the purported policy of Defendant, COJ, to fail to process public records preservation and disclosure requests within the 30 days before they are destroyed, despite the timely public records preservation and disclosure requests detailed hereinabove, Defendant, COJ, violated Section 119.12, Fla. Stat.

52. The actions alleged hereinabove were either or both an unlawful refusal to permit a public record to be inspected or copied.

53. Additionally, Section 119.01(2)(a), Fla. Stat. states that "[a]utomation of public records must not erode the right of access to those records. As each agency

increases its use of and dependence on electronic recordkeeping, each agency must provide reasonable public access to records electronically maintained . . ."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GORDON H. SHUTT, demands reasonable costs of enforcement, including for attorneys' fees, as allowed by Section 119.12, Fla. Stat., and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated this 8th day of February, 2023.

**Law Office of Phillips Hunt Walker & Hanna**

_/s/ William K. Walker_____
**JOHN M. PHILLIPS, ESQUIRE**
Florida Bar Number:  0477575
**WILLIAM, K. WALKER, ESQUIRE**
Florida Bar Number:  0085552
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Plaintiffs
jmp@floridajustice.com
william@floridajustice.com
jen@floridajustice.com